## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| DAVID BESS,                          ) | |
|                                    ) | |
|      Plaintiffs,                 ) | |
|                                      ) | CIVIL ACTION FILE NO. |
| vs.                                        ) | |
|                                      ) | JURY TRIAL DEMANDED |
| FULTON COUNTY SHERIFF'S OFFICE, ) | |
| and SHERIFF PATRICK "PAT" LABATT,) | |
| in his official and individual capacities;     ) | |
| MAJOR NINA MCKINNEY, in her official ) | |
| and individual capacities; MAJOR JEFFREY) | |
| MOFFETT, in his official and individual    ) | |
| capacities; CAPTAIN LUCINDA           ) | |
| STROZIER, in her official and individual    ) | |
| capacities; CAPTAIN TYNA TAYLOR,     ) | |
| in her official and individual capacities;     ) | |
| NIKKI HAWKINS, in her official and      ) | |
| Individual Capacities; and FULTON       ) | |
| COUNTY, GEORGIA                   ) | |
|                                      ) | |
|      Defendants.               ) | |
| _____) | |

## COMPLAINT FOR DAMAGES, EQUITABLE RELIEF AND JURY TRIAL

Plaintiff David Bess ("Plaintiff") files this Complaint against Defendant Fulton County, Georgia ("Defendant Fulton County") and Fulton County Sheriff's Office ("Defendant FCSO") for violations of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e *et seq.* ("Title VII"); and against Defendant Patrick "Pat" LaBat ("Defendant LaBat") in his official and individual capacities, Major Nina McKinney ("Defendant McKinney") in her official

and individual capacities, Major Jeffrey Moffett ("Defendant Moffett") in his official and individual capacities, Captain Lucinda Strozier ("Defendant Strozier") in her official and individual capacities, Captain Tyna Taylor ("Defendant Taylor") in her official and individual capacities and Nikki Hawkins ("Defendant Hawkins") in her official and individual capacities, for violation of Plaintiff's right to equal protection of the laws as secured by the Fourteenth Amendment to the U.S. Constitution and protected by 42 U.S.C. § 1983 and under FMLA.

## JURISDICTION AND VENUE

### 1.

Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1983. Jurisdiction is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights).

### 2.

Plaintiff submits himself to the jurisdiction of this Court.  Plaintiff is, and at all times relevant has been a resident of Fulton County, Georgia.

### 3.

The unlawful violations of Plaintiff's civil rights were committed within the Northern District of Georgia. Venue is proper in this Court under 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3), as every act of which Plaintiff complains

occurred in the Atlanta Division of the United States District Court for the Northern District of Georgia.

## ADMINSTRATIVE PREREQUISITES

4.

Plaintiff has satisfied all administrative prerequisites to perfect his claims of discrimination under Title VII.  Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), and the EEOC issued notice of Plaintiff's right to sue.[1]  Plaintiff's EEOC Charge and Notice of Right to Sue are attached hereto as Exhibit "A".  Plaintiff files the instant action within 90 days of the receipt of his Notice of Right to Sue.

5.

Plaintiff also served his ante-litem notice. A true and correct copy of Plaintiff's ante-litem notice is attached hereto as Exhibit "B".

## PARTIES

6.

Plaintiff is now and was at all times relevant to this action, a citizen of the United States and a resident of the State of Georgia entitled to bring actions of this type and nature.

---

[1] Plaintiff filed a second charge of discrimination with EEOC to address the discriminatory and retaliatory actions that followed the filing of the first EEOC Charge.  Plaintiff reserves the right to amend his Complaint to add additional facts and claims following the issuance of a Notice of Right to Sue for the second EEOC charge.

7.

Defendant Fulton County is the elected governing body responsible for the governance of Fulton County Government and is subject to the jurisdiction of this Court.  Fulton County is also the employer and issuer of paychecks to Plaintiff. Defendant Fulton County may be served with this Complaint and process by serving its members, to wit: Commissioner Rob Pitts, Chairman, Commissioner Liz Hausmann, Vice Chair, Commissioner Bob Ellis, Commissioner Lee Morris, Commissioner Natalie Hall, Commissioner Marvin S. Arrington, Jr., and Commissioner Khadijah Abdur-Rahman at 141 Pryor Street, S.W., 10th Floor, Atlanta, Georgia 30303.

8.

Defendant FCSO is law enforcement agency of the State of Georgia and is subject to the jurisdiction of this Court. FCSO may be served with this Complaint and summons by serving Sheriff Patrick "Pat" LaBat at 185 Central Ave S.W., 9th Floor, Atlanta, GA 30303.

9.

Defendant Patrick "Pat" LaBat is the Sheriff of Fulton County and is sued both individually and in his official capacity as a constitutional officer and in his individual capacity.  Defendant LaBat is subject to the jurisdiction and venue of this Court and may be served with a copy of this Complaint and summons through the

Fulton County Sheriff's Office, Fulton County Justice Center Tower, 9th Floor, 185 Central Avenue, S.W., Atlanta, Georgia 30303.

9.

Defendant Nina McKinney was, and is currently, employed as a Major with the Fulton County Sheriff's Office during the relevant time period and is sued both individually and in her official capacity. Defendant McKinney is subject to the jurisdiction and venue of this Court and may be served with a copy of this Complaint and process through the Fulton County Sheriff's Department, Fulton County Justice Center Tower, 9th Floor, 185 Central Avenue, S.W., Atlanta, Georgia 30303.

10.

Defendant Jeffrey Moffett was, and is currently, employed as a Major with the Fulton County Sheriff's Office during the relevant time period and is sued both individually and in his official capacity. Defendant Moffett is subject to the jurisdiction and venue of this Court and may be served with a copy of this Complaint and process through the Fulton County Sheriff's Department, Fulton County Justice Center Tower, 9th Floor, 185 Central Avenue, S.W., Atlanta, Georgia 30303.

11.

Defendant Lucinda Strozier was, and is currently, employed as a Captain with the Fulton County Sheriff's Office during the relevant time period and is sued both individually and in her official capacity. Defendant Strozier is subject to the

jurisdiction and venue of this honorable Court and may be served with a copy of this Complaint and process through the Fulton County Sheriff's Department, Fulton County Justice Center Tower, 9th Floor, 185 Central Avenue, S.W., Atlanta, Georgia 30303.

12.

Defendant Tyna Taylor was, and is currently, employed as a Captain with the Fulton County Sheriff's Office during the relevant time period and is sued both individually and in her official capacity. Defendant Taylor is subject to the jurisdiction and venue of this honorable Court and may be served with a copy of this Complaint and process through the Fulton County Sheriff's Department, Fulton County Justice Center Tower, 9th Floor, 185 Central Avenue, S.W., Atlanta, Georgia 30303.

13.

Defendant Nikki Hawkins was, and is currently, employed with the Fulton County Sheriff's Office during the relevant time period and is sued both individually and in her official capacity. Defendant Hawkins is subject to the jurisdiction and venue of this Court and may be served with a copy of this Complaint and process through the Fulton County Sheriff's Department, Fulton County Justice Center Tower, 9th Floor, 185 Central Avenue, S.W., Atlanta, Georgia 30303.

## STATEMENT OF RELEVANT FACTS

14.

Plaintiff began working for Defendant FCSO on or about December 14, 2016 and at all times relevant served as a Deputy Sheriff.

15.

During the COVID-19 Pandemic, Defendant Fulton County established a policy and made emergency paid sick leave ("EPSL") available to all employees through June 15, 2020 and as otherwise amended.

16.

In accordance with Defendant Fulton County's policy, Plaintiff requested and was approved to take EPSL.

17.

In or around May 2020, Plaintiff was told by Defendant Taylor to return to work immediately and that EPSL was no longer available.

18.

Plaintiff subsequently learned that female employees were out during the same time period, or longer, utilizing EPSL.

19.

At the behest of Defendant McKinney, Lt. Harold Moore and Defendant Taylor were directed to stop submitting time adjustment sheets for EPSL to Human

Resources on behalf of Plaintiff.

20.

An email was then sent to human resources directing that Plaintiff be charged compensatory leave, rather than EPSL, even though EPSL was available until June 15, 2020.

21.

In or around June 2020, Plaintiff returned to work and learned that his compensatory leave was utilized instead of the approved EPSL.

22.

On or about June 8, 2020, when Plaintiff inquired about the approved EPSL, Defendant Hawkins informed him that EPSL was still available to employees through June 2020.

23.

Shortly thereafter, Plaintiff met with Defendants McKinney, Moffett, Taylor and Hawkins and requested that his compensatory leave be restored because of the previously approved EPSL. The Defendants refused to follow Fulton County's Policy and restore Plaintiff's compensatory leave. After Plaintiff (again) informed Defendants that EPSL had been previously approved, Defendant McKinney stated "…Oh well, you're not getting it back" referring to Plaintiff's compensatory leave.

24.

On or about June 11, 2020, Plaintiff filed an internal grievance pursuant to Fulton County's policy and procedure.

25.

On or about July 1, 2020, within two weeks of Plaintiff's grievance, Plaintiff was transferred from Court Services to the Jail.

26.

The Fulton County Jail is commonly and widely known as a less favorable work assignment and used as a form of discipline to punish employees and/or teach subordinate rank-in-file employees a lesson.

27.

It was during this time period that Defendant McKinney stated that she wanted "to get rid of" Plaintiff and rid him of the organization.

28.

Although Plaintiff had been transferred to the jail, he did not receive his actual shift assignment until two days prior to the start of his transfer – ensuring that he was unable to make adequate childcare arrangements.

29.

On July 2, 2020, Plaintiff filed a second grievance for retaliation and workplace bullying and harassment.

30.

In or around August 2020, Plaintiff's first grievance was substantiated, and his time was 'partially' to be restored months later.

31.

On August 24, 2020 Colonel Leighton Graham issued findings of the FCSO's internal investigation into Plaintiff's grievance to Human Resources Coordinator Ms. Lawanda Neely.

32.

The investigation was conducted by Capt. Leon Gates, who concluded, among other things: (1) that there were some inconsistencies as to why Plaintiff was transferred to the jail; (2) that Defendant McKinney directed Defendant Taylor to "monitor" Plaintiff and Civilian Nekia Strickland's attendance for call-outs that coincided with each other; (3) that Defendant McKinney stated to Civilian S. Barnes on more than one occasions that she wanted to "get rid of [Plaintiff] because he didn't come to work"; (4) that there was no cause for the transfer of Plaintiff to the jail; (5) that Defendant McKinney acted with ill intent and plausibly influenced the decision to transfer Plaintiff from Court Services to the Jail; (6) that the investigation supported Plaintiff's assertion of retaliation; and (7) that Plaintiff's supervisors viewed him as an acceptable employee and that no-one articulated behavior that would give rise to justification for said transfer.

33.

On or about October 2020, Plaintiff was approved to work overtime by Captain Teri Glanton.  Plaintiff's overtime assignment was to assist the law library supervisor Edna Bonteparte on Thursdays.  Later, Captain Glanton lied about having approved said leave.

34.

A few days later, Plaintiff notified his immediate supervisor, Sgt. Fields, that an immediate family member in his household was exposed to COVID-19 and that he needed to utilize the offered EPSL to care for his family and self-quarantine to prevent exposure to his co-workers, their families, and inmates.

35.

Sgt. Fields notified Plaintiff that -- at the direction of Defendant Strozier -- Plaintiff was still required to report to work and that he could NOT utilize EPSL unless he personally tested positive for COVID-19.  This directive was in violation of the Fulton County policy.

36.

On or about October 6, 2020 Internal Affairs Commander Captain Adriana Christopher also conducted an investigation into Defendant McKinney's untruthfulness regarding Plaintiff's transfer to the jail.

37.

Commander Christopher's investigation revealed, among other things, that (1) that Defendant Moffet was directed by Defendant McKinney in mid-June (2020) to transfer Plaintiff to the jail because of what Defendant McKinney deemed behavior not productive to the team concept of the division.

38.

Defendant Moffet further stated that Defendant McKinney thought that Plaintiff was involved in a personal relationship with a civilian employee which she deemed destructive to the daily operations.

39.

Defendant Moffet revealed that after said discussions with Defendant McKinney he shared said information with (former) Deputy Chief Jimmy Carter and requested Plaintiff's transfer.  Defendant Moffet did not tell Defendant McKinney that he had shared said information with (former) Deputy Chief Jimmy Carter. Subsequently, Plaintiff was transferred on or about July 8, 20202.

40.

Although Defendant McKinney was adamant that she did not speak with (former) Deputy Chief Jimmy Carter or (former) Sheriff Theodore Jackson about Plaintiff, either before or after his transfer, the investigation revealed that the discussion was at the behest of Defendant McKinney and in retaliatory animus

towards Plaintiff.

41.

On or about October 13, 2020, Plaintiff submitted an EPSL request to Defendant Hawkins with documentation from his healthcare provider recommending that Plaintiff self-quarantine for 14-days.

42.

The next day, Defendant Hawkins requested that Plaintiff make changes to his EPSL request to reflect the dates October 8-22.

43.

Shortly thereafter, Plaintiff received a telephone call from Major Cochran informing him that his absences were unexcused.  Plaintiff was also threatened with disciplinary action if he did not provide a positive COVID-19 test upon return from leave because Defendant FCSO had a "revised EPSL policy" that was different from Fulton County's policy.  Plaintiff emailed Major Cochran requesting a copy of the Sheriff's Office "revised" policy.  Plaintiff never received a response or the "revised" policy.  Plaintiff was subsequently written-up for insubordination.

44.

On October 16, 2020 Defendant Hawkins emailed Plaintiff and informed him that he was approved for October 8-14, despite having requested that he change the date range on the initial request.

45.

On October 21, 2020 Defendant Hawkins informed Plaintiff that the EPSL was submitted and denied with no explanation and further stated that Plaintiff's leave would not be covered.

46.

Plaintiff resubmitted another revised EPSL form, but Defendant Hawkins failed to submit the form until November 6, 2020.

47.

On or about October 29, 2020 Plaintiff returned to work from leave.  While working in the law library on the pre-approved overtime assignment, Plaintiff was ordered to clock out by Defendant Strozier.  Defendant Strozier went on to state that Plaintiff would not receive his overtime hours because it was "unapproved" because he did not work his regular shift.  Hours later, Plaintiff clocked in to work his regular shift.

48.

On November 11, 2020, Plaintiff was counseled and written up for several violations related to his COVID absence.  Plaintiff was threatened with termination.

49.

On November 14, 2020, Plaintiff received a written warning.

50.

On November 15, 2020, Plaintiff filed his third grievance for retaliation and workplace bullying.

51.

On December 9, 2020, Plaintiff was transferred (again) to central control.

52.

In or around April 8, 2021, Plaintiff's grievance was upheld and the Grievance Review Committee recommended Plaintiff's return to Court Services.

53.

On April 9, 2021, Plaintiff was counseled for alleged insubordination.

54.

On May 25, 2021, Plaintiff filed his first EEOC Charge of Discrimination.

55.

As a result of Defendant's discriminatory retaliatory treatment, Plaintiff required treatment and therapy through Fulton County's Employee Assistance Program ("EAP").

56.

In or around July 2021, Plaintiff requested and was approved for FMLA leave due to a qualifying medical condition.

57.

In or around September 2021, human resources requested medical clearance and documentation for his absence from July 9-August 9 by the end of the week. Even though the appropriate documentation had been presented as required, Plaintiff was told he could not return to work until said documentation was provided.  By this time, Plaintiff had returned back to work for nearly two months.

58.

In or around September 2021, Plaintiff learned that his compensatory leave was inappropriately utilized (again).

59.

In or around March 2022, Plaintiff received his Notice of Right to Sue.

**COUNT I**
**(Against Defendant FCSO)**
**Retaliation in Violation of Title VII of The Civil Rights Act of 1964**

60.

Plaintiff incorporates by reference Paragraphs 1-59 as if fully set forth and restated herein.

61.

Plaintiff is an "employee" as defined by Title VII, 42 U.S.C. § 2000e *et seq.*

62.

Defendants Fulton County and FCSO are "employer(s)" as defined by

Title VII, 42 U.S.C. § 2000e *et seq.*

63.

Plaintiff engaged in statutorily protected activity under Title VII.

64.

Defendant FCSO took adverse action and unlawfully retaliated against Plaintiff because he engaged in statutorily protected activity under Title VII including but not limited to: (1) subjecting Plaintiff to continuous bullying and harassment in the workplace; (2) transferring Plaintiff to the jail and to central control as punishment; and (3) retaliation when Plaintiff spoke out against inappropriate procedures by management.

65.

This unlawful retaliation adversely affected the terms and conditions of Plaintiff's employment.

66.

A causal connection exists between the protected activity and asserted adverse actions.

67.

The action taken was pretext for retaliation against Plaintiff.

68.

As a direct and proximate result of the Defendant FCSO's unlawful retaliatory

actions, Plaintiff has suffered damages.

69.

Plaintiff is entitled to an award of all appropriate damages, remedies, and other relief available under Title VII and all federal statutes providing remedies for violations of Title VII.

70.

Defendant FCSO acted intentionally and maliciously with respect to Plaintiff.

71.

Additionally, or in the alternative, Defendant FCSO undertook its unlawful conduct recklessly with respect to Plaintiff and his federally protected rights, entitling Plaintiff to recover punitive damages against Defendant.

72.

Defendant FCSO's retaliatory actions damaged Plaintiff in an amount to be proven at trial.

## COUNT II
### (Against Defendant FCSO)
### VIOLATION OF FMLA, 29 U.S.C. § 2601 et. seq.

73.

Plaintiff incorporates by reference Paragraphs 1 – 72 as if fully set forth and restated herein.

74.

During his employment with Defendant FCSO, Plaintiff was approved for and took FMLA leave.

75.

Plaintiff subsequently suffered harassment, interference and discrimination for taking statutorily protected leave, particularly by requiring Plaintiff to provide documentation on multiple occasions and beyond the scope of what's required under FMLA.   Plaintiff was subjected to adverse employment actions involving interference and retaliation for taking FMLA when Defendant FCSO interfered with his ability to take entitled leave and threatened Plaintiff upon return with unpaid leave and disciplinary action.

76.

The adverse action was causally connected to Plaintiff's FMLA leave, grievances and EEOC Charge.

77.

The actions of Defendant FCSO were a willful violation of the FMLA and Plaintiff is entitled to damages against Defendant.

## COUNT III
**(Against all Defendants)**
## 42 U.S.C. § 1983 – Denial of Equal Protection of the Law in Violation of the Fourteenth Amendment to the United States Constitution

78.

Plaintiff incorporates by reference Paragraphs 1–77 as if fully set forth and restated herein.

79.

Plaintiff is entitled to equal protection of the law under the Fourteenth Amendment to the United States Constitution.

80.

By virtue of their actions, Defendants deprived Plaintiff of his right to equal protection of the laws as secured by the Fourteenth Amendment to the U.S. Constitution and protected by 42 U.S.C. § 1983.

81.

Defendants discriminated against Plaintiff by condoning and ratifying the discriminatory animus of other employees who engaged in statutorily protected activity.

82.

Defendants and its agents, under color of a statute, ordinance, regulation, custom or usage have subjected, or caused to be subjected, Plaintiff to the

deprivation of rights, privileges or immunities secured by the Constitution and of other laws.

83.

Defendants further discriminated against Plaintiff by subjecting him to discriminatory transfers, subjecting Plaintiff to unwarranted harassment, hostile environment, interfering with Plaintiff's rights under County Policy and under FMLA, and threatening disciplinary actions.

84.

Defendants discriminated against Plaintiff in violation of clearly established constitutional and statutory authority that such actions were a violation of the law.

85.

The conduct of Defendants in ratifying the discriminatory animus of other employees against Plaintiff violates Plaintiff's right to the equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution.

86.

Defendants proximately caused the above-pleaded violations of Plaintiff's rights and did so acting under the color of state law and local ordinances, regulations, customs, and usages of the Fulton County Sheriff's Office in violation of 42 U.S.C. §

1983.

### 87.

Plaintiff is entitled to the equitable and monetary relief and damages in an amount to be proven at trial.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands a TRIAL BY JURY and requests the following relief:

a.   A declaratory judgment that Defendant Fulton County and FCSO violated Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e *et seq*.;

b.   A permanent injunction, prohibiting Defendant FCSO from engaging in unlawful employment practices in violation of Title VII;

c.   Adjudicate and declare that all Defendants have violated Plaintiff's federally protected rights as pleaded above;

d.   Permanently enjoin all Defendants from committing similar violations in the future;

e.   Award Plaintiff all lost benefits and all other benefits to be determined;

f.   Award Plaintiff pre-judgment and post-judgment interest as required by law;

g.   Award Plaintiff compensatory damages for emotional pain and suffering

as determined by the enlightened conscience of a jury;

h.  Award Plaintiff punitive damages against all Defendants pursuant to the Equal Protection Clause of the United States Constitution, 42 U.S.C. § 1983, and all other applicable federal and state laws in an amount to be determined by the trier of fact;

i.  Order Defendant FCSO to reinstate Plaintiff with all lost compensatory benefits;

j.  Award Plaintiff his reasonable attorneys' fees and expenses; and

k.  Grant such additional relief as may be proper and just.

Respectfully submitted this 15th day of June 2022.

*Sandy R. Burney*
Sandy R. Burney
Georgia Bar No.: 579641
Attorney for Plaintiff

BURNEY LAW, LLC
4355 Cobb Parkway, S.E.
Suite J-601
Atlanta, Georgia 30339
Tel: (404) 480-4106
Fax: (404) 480-4243
Email: sburney@burneylaw.net