UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DAVID BESS,<br><br>    Plaintiff,<br><br>v.<br><br>SHERIFF PATRICK "PAT" LABAT,<br>in his official capacity, et al.,<br><br>    Defendants. | CIVIL ACTION NO.<br>1:22-CV-02413-JPB |

## ORDER

This matter is before the Court on the Magistrate Judge's Final Report and Recommendation [Doc. 19]. This Court finds as follows:

### FACTS AND PROCEDURAL HISTORY

This case arises from David Bess's ("Plaintiff") employment with the Fulton County Sheriff's Office. Plaintiff filed this action against Defendants[1] on June 15, 2022. [Doc. 1]. On January 31, 2023, Plaintiff filed a First Amended Complaint and alleged the following causes of action: (1) retaliation in violation of Title VII against Fulton County and Sheriff Labat; (2) violation of the Family Medical

---

[1] Defendants are Sheriff Patrick "Pat" Labat, in his official capacity; Major Nina McKinney, Major Jeffrey Moffett, Captain Lucinda Strozier, Captain Tyna Taylor and Nikki Hawkins, in their individual capacities; and Fulton County, Georgia.

Leave Act ("FMLA") against Fulton County and Sheriff Labat; and (3) denial of equal protection of the law in violation of the Fourteenth Amendment to the United States Constitution against all defendants. [Doc. 15].

Defendants moved to dismiss Plaintiff's First Amended Complaint on February 14, 2023. [Doc. 16]. On April 4, 2023, United States Magistrate Judge Walter E. Johnson issued a Final Report and Recommendation in which he recommended granting Defendants' motion in its entirety. [Doc. 19]. Plaintiff filed objections to the recommendation on April 18, 2023. [Doc. 21].

## LEGAL STANDARD

A district judge has broad discretion to accept, reject or modify a magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the Report and Recommendation that is the subject of a proper objection on a *de novo* basis and any non-objected-to portion under a "clearly erroneous" standard. Notably, a party objecting to a recommendation "must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988). Placing this burden on the objecting party "'facilitates the opportunity for district judges to spend more time on matters actually contested

and produces a result compatible with the purposes of the Magistrates Act.'" United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Nettles v. Wainwright, 677 F.2d 404, 409–10 (5th Cir. Unit B 1982)).

## DISCUSSION

Plaintiff asserts that the Magistrate Judge erred in recommending the dismissal of Count One, the Title VII retaliation claim.[2] Plaintiff's objections are discussed below.

### 1. Dismissal of Count One as to Sheriff Labat

The Magistrate Judge recommended dismissing the retaliation claim asserted against Sheriff Labat because Plaintiff failed to name Sheriff Labat in the Charge of Discrimination that he filed with the Equal Employment Opportunity Commission ("EEOC"). As a general rule, "a party not named in the EEOC charge cannot be sued in a subsequent civil action." Virgo v. Riviera Beach Assocs., Ltd., 30 F.3d 1350, 1358 (11th Cir. 1994). "This naming requirement serves to notify the charged party of the allegations and allows the party an opportunity to participate in conciliation and voluntarily comply with the requirements of Title VII." Id. An exception to this general rule exists, however, and a party unnamed in an EEOC charge may be subject to federal jurisdiction

---

[2] Plaintiff did not object to the dismissal of Count Two or Count Three.

3

"[w]here the purposes of [Title VII] are fulfilled." Id. at 1358-59. To determine if the purposes of Title VII are fulfilled, courts do not apply a rigid test but instead look to several factors, including the following:

> (1) the similarity of interest between the named party and unnamed party; (2) whether the plaintiff could have ascertained the identity of the unnamed party at the time the EEOC charge was filed; (3) whether the unnamed parties received adequate notice of the charges; (4) whether the unnamed parties had an adequate opportunity to participate in the reconciliation process; and (5) whether the unnamed party actually was prejudiced by its exclusion from the EEOC proceedings.

Id. at 1359.

In his objections, Plaintiff does not dispute that he failed to name Sheriff Labat in his EEOC charge. Instead, Plaintiff claims that the Magistrate Judge did not properly apply the above test.[3] The Court disagrees. While Plaintiff now argues that a similarity of interest exists between Fulton County and Sheriff Labat because Fulton County pays Sheriff Labat's salary and funds the budget for the Sheriff's Office, none of those allegations were in the First Amended Complaint.

---

[3] For instance, Plaintiff argues that there is a similarity of interest between Fulton County and Sheriff Labat. He also argues that his *pro se* status at the time of filing his EEOC charge excuses his failure to name Sheriff Labat and that Sheriff Labat was notified of the EEOC charge. Plaintiff did not make any of these arguments to the Magistrate Judge. A district court has discretion to decline to consider a party's argument when that argument is not first presented to the magistrate judge. Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009). Even though these contentions were not properly presented to the Magistrate Judge, the Court will nevertheless consider them.

4

Moreover, Plaintiff failed to plead any facts pertaining to any of the other factors referenced above. For instance, the First Amended Complaint lacks well-pleaded facts establishing that Plaintiff could not have ascertained Sheriff Labat's identity; that Sheriff Labat received adequate notice of the EEOC charge; or that Sheriff Labat had an opportunity to participate in the reconciliation process.

Ultimately, the Court finds that Plaintiff has not pled sufficient facts plausibly showing that the exception to the naming requirement applies here. See McClure v. Oasis Outsourcing II, Inc., 674 F. App'x 873, 875 (11th Cir. 2016) (affirming order granting motion to dismiss where the record did not demonstrate that the exception to the naming requirement applied); see also Alam v. Miller Brewing Co., 709 F.3d 662, 667 (7th Cir. 2013) (dismissing Title VII claim at the motion-to-dismiss stage where the plaintiff failed to name his employer in the EEOC charge and failed to plausibly allege that the exception to the naming requirement applied). As such, Plaintiff's objection on this basis is **OVERRULED**.

2. **Dismissal of Count One as to Fulton County**

The Magistrate Judge recommended dismissing the retaliation claim asserted against Fulton County for failure to state a claim. To make out a prima facie case of retaliation under Title VII, Plaintiff must establish that "(1) [he] engaged in

5

statutorily protected activity, (2) [he] suffered a materially adverse action, and (3) there exists a causal link between the two." Smith v. City of Fort Pierce, 565 F. App'x 774, 776 (11th Cir. 2014).  As an initial matter, Plaintiff's First Amended Complaint does not satisfy the pleading requirements set forth in the Federal Rules of Civil Procedure.  For this reason alone, it is subject to dismissal.  Specifically, under Count One, Plaintiff begins by incorporating "Paragraphs 1-62 as if fully set forth and restated herein." [Doc. 15, p. 16].  Then, Plaintiff states—in a purely conclusory manner—that he "engaged in statutorily protected activity under Title VII." Id. at 17.  Plaintiff, however, never specifies in any manner what the statutorily protected activity was.  See, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (noting that although "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations").

In the Report and Recommendation, the Magistrate Judge painstakingly examined the sixty-two incorporated paragraphs and attempted to identify any conduct that may be considered protected activity.  For instance, the Magistrate Judge identified three internal grievances filed by Plaintiff.  The Magistrate Judge determined that these grievances did not constitute protected activity.  The Magistrate Judge then identified two EEOC charges as protected activity.  As to the first EEOC charge, the Magistrate Judge concluded that no causal connection

existed between the charge and any alleged adverse employment actions. As to the second EEOC charge, the Magistrate Judge found that it was untimely.

Plaintiff's first objection pertains to the Magistrate Judge's determination that the internal grievances did not constitute protected activity. The Magistrate Judge determined that the three internal grievances did not constitute protected activity because in those grievances, Plaintiff did not assert any mistreatment based on his sex. In other words, Plaintiff failed to link his grievance with a protected activity.

Plaintiff argues that even if he "failed to plead his claims in an ideal manner for the Magistrate Judge, it gave all parties fair notice of his claims and a general indication of the types of litigation involved." [Doc. 21, p. 16]. Essentially, Plaintiff argues that the Magistrate Judge erred in determining that Plaintiff's internal grievances were not protected activity because he "specifically raised instances of mistreatment based on his sex at least twice." Id. at 14.

"The filing of a grievance can constitute statutorily-protected activity, but only if the grievance alleges discrimination based on a statutorily-protected ground." Bailey v. City of Huntsville, 517 F. App'x 857, 861 (11th Cir. 2013). Importantly, "the employee must, at the very least, communicate [his] belief that discrimination is occurring to the employer. It is not enough for the employee

7

merely to complain about a certain policy or certain behavior of co-workers and rely on the employer to infer that discrimination has occurred." Webb v. R&B Holding Co., 992 F. Supp. 1382, 1389 (S.D. Fla. 1988). In his First Amended Complaint, Plaintiff alleges that "[o]n or about June 11, 2020, Plaintiff filed an internal grievance pursuant to Fulton County's policy and procedure." [Doc. 15, p. 8]. Plaintiff does not allege anywhere that he specifically told his employer that he was discriminated on the basis of sex or that women were treated more favorably than him.

Plaintiff now contends that he alleged discrimination based on his gender in his June 11, 2020 grievance by complaining that similarly situated women were allowed to use Emergency Paid Sick Leave ("EPSL") while he was denied the same opportunity. Although Plaintiff did state in his First Amended Complaint that he "learned that female coworkers were out during the same time period, or longer, utilizing EPSL," Plaintiff has not pled any facts to show that this belief was ever communicated in his internal grievances. Id. at 7. To the extent that Plaintiff asserts that the Magistrate Judge erred by finding that the internal grievances were not protected activity, the objection is **OVERRULED**.

Plaintiff's second objection pertains to the Magistrate Judge's determination that the second EEOC charge was time-barred. On March 25, 2022, Plaintiff

8

learned that he was denied a promotion and that the promotion was awarded to a woman.  As a general rule, EEOC charges must be filed within 180 days of the date of the challenged act.  42 U.S.C. § 2000e-5(e)(1).  Thus, under the 180-day rule, any charge based on the failure to promote should have been filed no later than September 21, 2022.

In this case, the Magistrate Judge determined that Plaintiff's EEOC charge was not timely because it was filed on November 21, 2022—two months after the deadline.  Plaintiff argues that the time bar is inapplicable here because the EEOC charge is a refiled version of charges previously asserted on July 7, 2022, and September 20, 2022, both of which were within 180 days of the March 25, 2022 adverse employment action.  As with Plaintiff's other objections, Plaintiff relies on evidence that is not in the First Amended Complaint.  Nowhere in that pleading does Plaintiff allege that he filed EEOC charges on July 7, 2022, or September 20, 2022.  Indeed, the only charge relating to the failure to promote that is attached to Plaintiff's First Amended Complaint is dated November 21, 2022.  [Doc. 15, p. 32].  Because Plaintiff did not reference either of these other charges in his First Amended Complaint or attach them thereto, the Magistrate Judge properly refused to consider them in ruling on the motion to dismiss.  See Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 959 (11th Cir. 2009) (prohibiting the plaintiff from

relying on contracts that were first referenced in his response to a motion to dismiss and explaining that a court's review on a motion to dismiss is limited to the "four corners of the complaint").  Insofar as Plaintiff argues that his EEOC charge was timely and that the Magistrate Judge should have considered matters outside the pleadings, the objection is **OVERRULED**.

## CONCLUSION

After reviewing the entirety of the Final Report and Recommendation and considering Plaintiff's objections, the Final Report and Recommendation [Doc. 19] is **ADOPTED** as the order of this Court.  For the reasons stated by the Magistrate Judge, Defendants' Motion to Dismiss [Doc. 16] is **GRANTED**.  The Clerk is **DIRECTED** to close this case.

**SO ORDERED** this 27th day of July, 2023.

J. P. BOULEE
United States District Judge